conditions payment is an affirmative defense, and must be pleaded and proved. Newcombe v. Fox, supra. While, undoubtedly, under the circumstances of the present case, the jury would have been authorized to have found as a fact that the claim had been paid, it is equally true that they could find, as they did, that it had not been paid. Upon the facts and circumstances as presented in this case, we think the questions involved therein are for the jury, and that the court was not authorized to say as matter of law that payment was established, based upon presumptions of any character or of proof. It is evident, however, that the learned court below exercised its discretionary power quite as much upon the facts, in granting the motion for the new trial, as it did in asserting any hard and fast rule of law applicable thereto, and we think a case was presented where the court was authorized, in its discretion, to set aside the verdict, and we are not disposed, in view of the facts and circumstances of this case, to interfere with the discretion which has been exercised. The court, however, was wrong in directing a judgment dismissing the complaint upon the merits, and for this error the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

(83 App. Div. 191.)

RAILWAY ADVERTISING CO. v. STANDARD ROCK CANDY CO.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. CONTRACT—BREACH—DAMAGES.
    A railway advertising company contracted with defendant, by which the latter authorized the advertising company to insert cards in the cars in a certain city for a specified time, for a stipulated monthly payment. Defendant repudiated the contract the day after it was made, but the advertising company continued the performance of the contract. *Held*, that where it did not appear that the advertising company could have rented the space reserved for the defendant it was entitled to recover the full contract price.

Appeal from Trial Term, Kings County.

Action by the Railway Advertising Company against the Standard Rock Candy Company. Judgment for plaintiff. Defendant appeals. Affirmed.

The following is the opinion of RICH, J., at Trial Term:

January 28, 1898, plaintiff and defendant entered into a written agreement, whereby the defendant authorized the plaintiff to insert its advertising cards in 187 cars in Providence, R. I., during the months of February, March, April, September, October, November, and December, 1898, and February, March, and April, 1899, for which the defendant agreed to pay the plaintiff the sum of $112.20 monthly. It was agreed that in case of the omission of any reasonable number of cards from the cars the defendant should be entitled to a pro rata rebate for such cars as may have been omitted. Prior to the execution of this agreement a similar contract for advertising space in St. Louis cars had been entered into between the parties, and this contract was canceled, and the Providence contract (the one in suit) substituted in its place. The day after this agreement was executed the defendant, by its president, informed the plaintiff that it repudiated the contract, and would not be bound by it. On the 5th day of April, 1898, an action was instituted in the Municipal Court for the recovery of the installment for the month of February, in which the plaintiff succeeded. Railway Advertising Co. v. Standard Rock Candy Co., 29 Misc. Rep. 115, 60 N. Y. Supp. 265. The defendant claimed in that action that it had rescinded the contract on the ground that it was fraudulently obtained, and therefore void. It was held

however, that the contract was valid and binding. Here it is claimed by the defendant that it repudiated and countermanded the contract, which it now concedes to be valid and binding, immediately after it was made, and before anything was done thereunder; that the plaintiff was not entitled to continue performance, but was bound to stop, and look to the defendant for damages on the latter's part. This, of course, would be true if the contract was for the employment of labor and services, and yet it appears affirmatively that the plaintiff was unable to rent all of the empty space in the Providence cars during the period covered by this contract; and, while the burden of proving that the plaintiff had neglected to lessen the damages rested with the defendant (Hamilton v. McPherson, 28 N. Y. 77, 84 Am. Dec. 330), no evidence whatever was given tending to show that the plaintiff was able to rent this space. I agree with the plaintiff that the true intent and meaning of the contract was that the defendant should rent a certain space in the Providence cars to be used by it for advertising purposes, and was entitled to this space for its own use. It was not a contract of hiring—it was an agreement to insert defendant's advertising card in a certain space in the Providence cars; and this is evidenced by the fact that the contract itself provides: "This contract conveys no right to the party signing it to assign or sublet the space leased under it." The plaintiff upon its part performed this contract, and the defendant is bound to perform on its part, and cannot excuse a breach by repudiation. The plaintiff is therefore entitled to recover the sum of $102 for each of the nine months subsequent to the commencement of the first action, with $181.06 interest; and the plaintiff may have judgment against the defendant for $1,099.06, with costs, and an additional allowance of 5 per cent. upon the recovery.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Wilson, Barker & Wilson, for appellant.

Einstein & Townsend, for respondent.

PER CURIAM. Judgment affirmed, with costs, upon the opinion of Mr. Justice RICH at Trial Term.

---

(85 App. Div. 370.)

### KOCH v. ZIMMERMANN et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. DEATH—PROXIMATE CAUSE.
    Plaintiff's intestate, while free from contributory negligence, was injured by a brick which fell from a building. Some time afterwards, and while intestate had not recovered, he left his home, and fell or sprung into the river and contracted pneumonia, from which he died. *Held*, that in an action for his death it was incumbent on the plaintiff to show that the pneumonia was induced by the original injury.

2. SAME—EVIDENCE—SUFFICIENCY.
    Plaintiff having abandoned the theory of insanity of intestate, and there being no evidence of the cause of his immersion in the river, the proof failed to establish a chain of events connecting death with the accident as the proximate cause.

3. SAME—PREPONDERANCE OF EVIDENCE.
    The only evidence in favor of plaintiff being the testimony of plaintiff's physician that he attributed the death to the injury to the head, which was opposed by all the other testimony, a verdict for plaintiff was clearly against the weight of evidence.
    Hatch, J., dissenting.

Appeal from Trial Term, New York County.

Action by Margaretha Koch, administratrix, against Jacob A. Zimmermann and others. From a judgment for plaintiff and from an or-